## HAYSLIP v STATE

Ohio Appeals, 4th Dist, Adams Co
Decided June 25, 1931

Blair and Ball, Portsmouth, for Hayslip.
J. R. B. Kessler, Pros. Atty., Peebles, and A. W. Gurklies, for The State.

419

**BLOSSER, J.**

The plaintiff in error has cited some authorities which he claims supports his contention that the court should have directed the prosecuting witness to again exhibit his arm to the jury during the argument of counsel. These, however, are civil cases which go to the right and authority of a court to compel a physical examination or exhibition of an injured person by the adverse party. Within certain limitations that power is recognized by the courts of Ohio in personal injury cases. The last expression of the Supreme Court on this subject is the case of **Kresge Company v Trester, 123 Oh St 383. Oh Bar of April 28, 1931.** This rule in civil cases, however, has no application to the case at bar. There are no parallel reported cases.

In the instant case the prosecuting witness had testified and exhibited his wounds to the jury. He testified as to their location and was fully cross examined by counsel for the defense. Later in the trial he was recalled for re-direct examination and another opportunity given counsel for the defense to further cross examine him. His coat, shirt and trousers were in evidence before the jury, and witnesses gave oral testimony as to the location of the bullet holes in them. It may be conceded that the location of the wounds on the defendant's arm were important as supporting or contradicting the defense of self-defense. However, this was already in evidence and fully before the jury. It is urged that the conduct of the prosecuting witness in refusing to exhibit his person during the argument of counsel amounted to a suppression of the testimony. This position is not tenable for the reason that he had exhibited his arm to the jury when in the witness chair. The jury was presumed to remember what they saw and heard from the witnesses. The request of counsel was in effect a request that the prosecuting witness take part in a demonstration before the jury. The evidence had closed and there was no request to open up the case for the taking of additional evidence, and there was no claim that any additional facts would be developed by complying with the request. The prosecuting witness was not called upon to assist counsel for the defense because the evidence was fully before the jury. The trial court in refusing to require the prosecuting witness to do so was acting within his discretion, and there is nothing in the record to show an abuse of discretion.

We see no prejudicial error in the record and the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.